FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona limited liability company, *Plaintiff-Appellant*, <br><br> v. <br><br> LISA J. BORODKIN, *Defendant-Appellee*. | No. 13-15544 <br><br> D.C. No. 2:11-cv-01426-GMS |

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona limited liability company, *Plaintiff-Appellant*, <br><br> v. <br><br> LISA J. BORODKIN; RAYMOND MOBREZ; ILIANA LLANERAS, *Defendants-Appellees*. | No. 13-16271 <br><br> D.C. No. 2:11-cv-01426-GMS <br><br> ORDER AND OPINION |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted
June 10, 2015—San Francisco, California

Filed August 25, 2015

Before: Barry G. Silverman, Ronald M. Gould,
and Andrew D. Hurwitz, Circuit Judges.

Order;
Per Curiam Opinion

## SUMMARY[*]

### Malicious Prosecution

The panel redesignated the memorandum disposition filed June 15, 2015 as a per curiam opinion; and affirmed the district court's summary judgment and judgment on the pleadings in favor of defendants Raymond Mobrez and Iliana Llaneros, and Fed. R. Civ. P. 12(b)(6) dismissal of defendant Lisa Borodkin in Xcentric Ventures, LLC's malicious prosecution action.

The panel held Xcentric could not prove an element of its malicious prosecution claims under California law, that the underlying claims were brought or continued without factual or legal probable cause.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

David S. Gringas (argued), Gringas Law Office, PLLC, Phoenix, Arizona, for Plaintiff-Appellant.

David Meyer (argued), San Diego, California, for Defendants-Appellees Mobrez and Llaneras.

Damion D. Robinson, Van Vleck, Turner, & Zaller, LLP, Los Angeles, California; Lisa Borodkin (argued), Redondo Beach, California, for Defendant-Appellee Borodkin.

**ORDER**

Raymond Mobrez and Iliana Llaneras' Request for Reconsideration of Order Denying Request for Publication is **GRANTED**. The Memorandum disposition filed June 15, 2015, is redesignated as a per curiam opinion.

Lisa Borodkin's Request for Judicial Notice in connection with the request for reconsideration is **DENIED AS MOOT**.

**OPINION**

PER CURIAM:

Xcentric Ventures appeals the district court's grant of summary judgment and judgment on the pleadings in favor of defendants Mobrez and Llaneras and Rule 12(b)(6) dismissal of defendant Borodkin in Xcentric's malicious prosecution action. We have jurisdiction pursuant to 28 U.S.C. § 1291

and review de novo.  We agree with the district court that Xcentric cannot prove an element of its malicious prosecution claims, that the underlying claims were brought or continued without factual or legal probable cause.  We also deny Borodkin's motion for sanctions.

Xcentric claims that the underlying claims lacked factual probable cause because defendants Mobrez and Llaneras lied about phone conversations to support their underlying extortion claim.  Factual probable cause is lacking if the litigant "relies upon facts which he has no reasonable cause to believe to be true." *Sangster v. Paetkau*, 80 Cal. Rptr. 2d 66, 74 (Ct. App. 1998).  However, summary judgment is proper if any undisputed facts, other than the fabricated evidence, provide probable cause for the claim. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1165 (9th Cir. 2011); *Sangster*, 80 Cal. Rptr. 2d at 75–77.  The underlying complaint, first amended complaint, and summary judgment orders establish that all of the underlying claims in this case were supported by other undisputed written statements.  Therefore, any dispute about whether Mobrez and Llaneras lied about the phone conversations did not negate probable cause. *See Roberts*, 660 F.3d at 1165; *Sangster*, 80 Cal. Rptr. 2d at 75–77.

For the same reason, Xcentric cannot state a plausible claim that Borodkin  continued the lawsuit without factual probable cause after learning that her clients had lied about the phone calls.  The district court properly took judicial notice of the underlying court documents. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir.), *amended by* 275 F.3d 1187 (9th Cir. 2001).  Those documents establish that Borodkin relied on written statements, not her clients'

original statements about the phone calls, when she continued to pursue the claims in California.

Legal probable cause exists if "any reasonable attorney would have thought the claim tenable" on the facts known to him. *Jarrow Formulas, Inc. v. LaMarch*e, 74 P.3d 737, 742 (Cal. 2003). Legal probable cause exists even if the claims are "extremely unlikely" to win. *Id.* The standard is an objective question of law to be decided by the court. *Sangster*, 80 Cal. Rptr. 2d at 75. We agree with the district court that the claims asserted by Mobrez, Llaneras, and Borodkin in California were tenable based on the facts alleged in the underlying lawsuit.

The underlying attempted racketeering extortion claim alleged that Xcentric attempted to extort money by encouraging third parties to post negative reviews, manipulating the posts to highlight negative reviews and to further highlight the negative reviews if the businesses posted rebuttals, and then charging high fees to "turn the negative into a positive." The claim was tenable because a district court had previously held that similar allegations stated an extortion claim against Xcentric. *Hy Cite Corp. v badbusinessbureau.com, L.L.C.*, 418 F. Supp. 2d 1142, 1149–50 (D. Ariz. 2005) (holding that allegations that Xcentric created and solicited false, defamatory complaints against businesses and then charged $50,000 and monthly fee of $1,500 to remove or stop posting the complaints stated an extortion claim); *Sheldon Appel Co. v. Albert & Oliker*, 765 P.2d 498, 511–12 (Cal. 1989) (a claim is tenable if "at least one prior California decision" with "somewhat comparable" facts suggests available relief).

Nor were the racketeering or unfair competition claims untenable because the business run by Mobrez and Llaneras, Asia Economic Institute, lacked revenue. Mobrez and Llaneras sufficiently alleged and proved the requisite injury to business and property and economic loss, including that they paid an expert to mitigate the damaging posts and lost specific business opportunities and contracts because of the negative posts. *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc) (per curiam) (holding that injury to a business or property interest includes harm that "amount[s] to intentional interference with contract and interference with prospective business relations"); *Kwikset Corp. v. Superior Ct*., 246 P.3d 877, 884 (Cal. 2011) (requiring some sort of lost money or property to establish actual economic loss for unfair competition claims).

Xcentric alleged and argued that the remaining claims lacked legal probable cause because it was immune for third party posts pursuant to the Communications Decency Act. The fraud and unfair business practices claims alleged that Xcentric manipulated and added content to the posts; misrepresented its website as neutral, even though it manipulated the postings to favor its program members; and made other misrepresentations about the nature of its website. The claim was tenable because the Communications Decency Act does not immunize Xcentric for the content it creates and posts. *Fair Housing Council v. Roommates.Com*, LLC, 521 F.3d 1157, 1163 (9th Cir. 2008) (en banc). Moreover, at the time of the underlying case, at least one district court in California had indicated in dicta that the Communications Decency Act does not immunize misrepresentations made by a publisher about its publishing conduct. *Levitt v. Yelp! Inc.*, Nos. 10-1321 & 10-2351, 2011 WL 5079526, at *9 (N.D.

Cal. Oct. 26, 2011) (dicta), *aff'd on other grounds*, 765 F.3d 1123 (9th Cir. 2014).

The remaining derivative claims asserted against Xcentric were tenable because Xcentric was a necessary party if the plaintiffs could obtain an order for the third parties to remove the defamatory posts. *Blockowicz v. Williams*, 675 F. Supp. 2d 912, 915–16 (N.D. Ill. 2009) (refusing to order Xcentric to remove defamatory postings, even though the plaintiffs had obtained injunctive relief, because Xcentric was not a party to the lawsuit).

Finally, the district court did not abuse its discretion when it denied Xcentric's requests to extend the case management order deadline and to file a second amended complaint.

**AFFIRMED.**